Lawrence Spasojevich (LS 0945)
Aidala, Bertuna & Kamins, P.C.
*Attorneys for Plaintiffs*
546 5th Avenue
New York, New York 10036
Tele:   (212) 486-0011
Email: ls@aidalalaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DORALICIA SANTOS
and FATIMA SANTOS,

                                   CASE NO.   2:22-CV-3897

                   Plaintiffs,        **COMPLAINT**

-against-

160 ADAMS AVENUE RESTAURANT GROUP CORP.

                                   ECF Case,

                 Defendant.

Plaintiffs, DORALICIA SANTOS and FATIMA SANTOS by and through the undersigned attorney, Lawrence Spasojevich, Esq. hereby files this Complaint against Defendant 160 ADAMS AVENUE RESTAURANT GROUP CORP. and states as follows:

**INTRODUCTION**

1.      Plaintiffs alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA"), Plaintiffs are entitled to recover from Defendant: (1) unpaid wages at the

overtime wage rate; (2) liquidated damages; (3) statutory penalties; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

2.      Plaintiff futher alledges that, pursuant to the FLSA, as amended, 29 U.S.C. § 215, Plaintiffs are entitled to to recover from Defendant: (1) lost wages; (2) liquidated damages; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

3.      Plaintiffs further allege that, pursuant to the New York Labor Law ("NYLL"), Plaintiffs are entitled to recover from the Defendant: (1) unpaid wages at the minimum wage rate; (2) unpaid wages at the overtime wage rate; (3) statutory penalties; (4) liquidated damages; (5) prejudgment and post-judgment interest; and (6) attorneys' fees and costs.

4.      Plaintiff futher alledges that, pursuant to the NYLL § 215, Plaintiffs are entitled to to recover from Defendant: (1) lost wages; (2) front pay; liquidated damages; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1332, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

6.      Plaintiffs have mailed the New York Attorney General notice of their NYLL §215(2) claims.

7.      Venue is proper in the EASTERN DISTRICT pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

8.      Plaintiff, DORALICIA SANTOS, is an adult resident of Suffolk County, New York.

9.      Plaintiff, FATIMA SANTOS, is an adult resident of Suffolk County, New York.

10. Upon information and belief, Defendant, 160 ADAMS AVENUE RESTAURANT GROUP CORP., is a domestic business corporation, organized and existing under the laws of the State of New York, with a place of business located at 160 Adams Avenue, Hauppauge, NY, 11788, under the name Capicu Restaurant.

11. At all relevant times, Defendant, 160 Adams Avenue Restaurant Group Corp., was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

12. At all relevant times, the work performed by Plaintiffs was directly essential to the business operated by Defendant.

13. At all relevant times, Defendant knowingly and willfully failed to pay Plaintiffs the overtime wage rate for all hours worked over forty (40) hours in a workweek in contravention of the FLSA and NYLL.

## STATEMENT OF FACTS

*Facts Relating to Fatima Santos*

14. Plaintiff, FATIMA SANTOS, is the daughter of Plaintiff, DORALICIA SANTOS.

15. Upon Plaintiff, FATIMA SANTOS', recall and recollection, she began working for Defendant on or about September 2021.

16. Upon Plaintiff, FATIMA SANTOS', recall and recollection, she worked a total of four-hundred ninety-one (491) hours for Defendant.

17. Upon Plaintiff, FATIMA SANTOS', recall and recollection, she only received payment from Defendant for a single week of work.

18. Upon Plaintiff, FATIMA SANTOS', recall and recollection, for the remainder of the month she worked for Defendant, she received no wages or tips.

*Facts Relating to Doralicia Santos*

19. Plaintiff, DORALICIA SANTOS, is the mother of Plaintiff, FATIMA SANTOS.

20. Upon Plaintiff, DORALICIA SANTOS', recall and recollection, Defendant hired her on or about April 3, 2021 and remained employed by Defendant until on or about October 2, 2021.

21. The minimum wage rate in the City of New York in 2021 was $15 per hour.

22. Over 25% of Plaintiff DORALICIA SANTOS', time working consisted of performing physical labor.

23. Upon Plaintiffs, DORALICIA SANTOS', recall and recollection, she predominately worked six (6) days per week. Occasionally, she worked five (5) days per week.

24. Upon Plaintiff, DORALICIA SANTOS', recall and recollection, she was scheduled to work five (5) days per week, from Wednesday through Sunday. However, she regularly and consistently was called in to work Mondays as well.

25. Upon Plaintiff, DORALICIA SANTOS', recall and recollection, a workday began at 10:00 a.m. and lasted until 1:00 a.m. the following morning. Thus, each workday was fifteen (15) hours long.

26. Upon information and belief, since Plaintiff, DORALICIA SANTOS, customarily worked six (6) days per week, she worked a total of ninety (90) hours per week.

27. Upon Plaintiffs's recall and recollection, Defendant compensated her at a flat rate of $140 per shift.

28. Upon Plaintiff, DORALICIA SANTOS', recall and recollection, Defendant paid her every two weeks as opposed to every week.

29. Upon Plaintiff, DORALICIA SANTOS' recall and recollection, on October 2, 2021, Plaintiff, DORALICIA SANTOS, complained to Defendant about the late payments of wages as

well as the fact that her daughter, FATIMA SANTOS, had not been paid for approximately three weeks of work. Defendant subsequently handed Plaintiff, DORALICIA SANTOS her last check and terminated her and her daughter, Plaintiff, FATIMA SANTOS, declaring that they should "get work elsewhere."

30. Upon Plaintiff, DORALICIA SANTOS' recall and recollection, this final check bounced. Thus, Plaintiff was not compensated whatsoever for her final week of work.

31. Defendant did not utilize a timekeeping device at the workplace to track hours worked by Plaintiffs.

32. Plaintiffs were not properly compensated wages at the minimum wage rate for all hours worked under NYLL.

33. Plaintiffs were not properly compensated wages at the overtime wage rate for all hours worked over forty (40) in a workweek.

34. Defendant knowingly and willfully operated business with a policy of not paying Plaintiffs at the minimum wage rate nor paying Plaintff wages for hours worked over forty (40) hours in a workweek at the overtime wage rate in violation of the FLSA and NYLL and the supporting Federal and New York State Department of Labor Regulations.

35. At all relevant times, upon information and belief, and during Plaintiffs' employment, the Defendant failed to maintain accurate and sufficient time records.

36. Defendant did not provide Plaintiffs with an accurate wage statement or summary, accurately accounting for the actual hours worked, and setting forth the hourly rate of pay and overtime wages.

37. Upon information and belief, this was done to disguise the actual number of hours Plaintiffs worked and to avoid paying the overtime wage for all hours worked over forty (40) hours in a workweek.

38. Defendant willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and the NYLL by failing to maintain accurate and complete timesheets and payroll records.

39. Plaintiffs have been substantially damaged by the Defendant' wrongful conduct.

## COUNT 1
### [Violation of the Fair Labor Standards Act]

40. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "l" through "39" of this Complaint as if fully set forth herein.

41. At all relevant times, upon information and belief, Defendant was/were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

42. At all relevant times, Defendant employed Plaintiffs within the meaning of the FLSA.

43. Upon information and belief, at all relevant times, Defendant has/have had gross revenues in excess of $500,000.

44. Plaintiffs were entitled to be paid for all hours worked over forty (40) hours in a workweek at the overtime wage rate as provided for in the FLSA.

45. Defendant failed to pay Plaintiffs compensation in the lawful amount for all hours worked over forty (40) hours in a workweek as provided for in the FLSA.

46. At all relevant times, each of the Defendant had, and continue to have a policy and practice of refusing to pay Plaintiffs for all hours worked over forty (40) hours in a workweek at the

overtime wage rate which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 206(a)(1), 207(a)(l), and 215(a).

47. Defendant knowingly and willfully disregarded the provisions of the FLSA, as evidenced by the failure to compensate Plaintiffs for all hours worked over forty (40) hours in a workweek at the overtime wage rate when Defendant knew or should have known such was due that non-payment of a overtime rate would financially injure Plaintiffs.

48. Defendant have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, et seq., including 29 U.S.C. §§ 211© and 215(a).

49. Records, if any, concerning the number of hours worked by Plaintiffs and the actual compensation paid to Plaintiffs are in the possession and custody of the Defendant. Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

50. Defendant failed to properly disclose or apprise Plaintiffs of the rights under the FLSA.

51. As a direct and proximate result of Defendant's willful disregard of the FLSA, Plaintiffs are entitled to liquidated damages under the FLSA.

52. Due to the intentional, willful, and unlawful acts of the Defendant, Plaintiffs suffered damages in and entitled to an award of an amount not presently ascertainable of unpaid wages at the overtime wage rate and an equal amount as liquidated damages, and prejudgment interest thereon.

53. Plaintiffs are entitled to an award of its reasonable attorn'ys' fees, costs, and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT 2
### [Violation of the New York Labor Laws]

54. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraps "l" throuh "53" of this Complaint as if fully set forth herein.

55. The wage provisions of the NYLL apply to Defendant and protect the Plaintiffs.

56. Defendant, under its policies and practices, refused and failed to pay the earned wage at the minimum wage rate to Plaintiffs for all hours worked.

57. By failing to compensate Plaintiffs a wage for all hours worked at the minimum wage rate, Defendant(s) violated Plaintiffs' statutory rights under the NYLL.

58. Defendant, pursuant to policies and practices, refused and failed to pay the earned wage at the overtime wage rate to Plaintiffs for all hours worked over forty (40) hours in week.

59. By failing to compensate Plaintiffs a wage for all hours worked over forty (40) hours in a workweek at the overtime wage rate, Defendant violated Plaintiffs' statutory rights under the NYLL.

60. The foregoing conduct, as alleged, constitutes a willful violation of the NYLL without a good or reasonable basis.

61. Therefore, Defendant knowingly and willfully violated Plaintiffs' rights by failing to pay Plaintiffs compensation for all hours worked over forty (40) hours in a workweek at the overtime wage rate.

62. Due to the Defendant'' NYLL violations, Plaintiffs are entitled to recover from Defendant unpaid wages at the overtime wage rate, reasonable attorn'ys' fees, and costs and disbursements of this action, pursuant to NYLL § 663(1) et al. and§ 198.

63. Plaintiffs also seek liquidated damages pursuant to NYLL § 663(1).

## COUNT 3
### [Late Payment of Wages]

64. Plaintiffs re-alledge and re-aver each and every allegation and statement contained in paragraphs "1"-"63."

65. NYLL § 191(1)(a) provides that a "manual worker shall be paid weekly and not later than seven calendar days after the end of the week in which the wages are earned…."

66. Over 25% of Plaintiff's time working consisted of physical labor.

67. Thus, Plaintiff was a manual worker for the purposes of the NYLL.

68. Defendant maintained a policy of paying Plaintiff, DORALICIA SANTOS, on a bi-weekly basis as opposed to weekly.

69. By failing to compensate Plaintiff, DORALICIA SANTOS, on a weekly basis, Defendant violated Plaintiff, DORALICIA SANTOS' statutory rights under the NYLL.

70. The forgoing conduct, as alleged, constitutes a willful violation of the NYLL without a good or reasonable basis.

71. Therefore, Defendant' knowingly and willfully violated Plaintiff, DORALICIA SANTOS' rights by failing to pay Plaintiffs on a weekly basis.

72. Due to the Defendant's NYLL violations, Plaintiff, DORALICIA SANTOS is entitled to recover from Defendant, liquidated damages for failure to timely pay Plaintiff, DORALICIA SANTOS, on a weekly basis, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to NYLL § 663(1) et al. and § 198.

## COUNT 4
### [Retaliation]

73. Plaintiffs re-alledge and re-aver each and every allegation and statement contained in paragraphs "1"-"72".

74. Pursuant to NYLL § 215(1)(a) "[n]o employer or his or her agent… or any other person, shall discharge… any employee [] because such employee has made a complaint to his or her employer… that the employer has engaged in conduct that the employee, reasonably and in good faith, believes violates any provision of this chapter…."

75. Pursuant to FLSA §215(a)(3), it is unlawful for any person to "discharge… any employee because such employee has filed any complaint…."

76. By discharging Plaintiffs immediately after Plaintiffs complained about late payment of wages pursuant to NYLL § 191(1)(a), Defendant violated NYLL § 215(1)(a) and FLSA §215(a)(3).

77. The foregoing conduct, as alleged, constitutes a willful violation of the NYLL and FLSA without a good or reasonable basis.

78. Due to Defendant's willful violations, Plaintiffs are entitled to recover from Defendant, lost wages for their wrongful termination pursuant to NYLL § 215 and FLSA §215.

79. Plaintiffs also seek front pay pursuant to NYLL § 215.

80. Plaintiffs also seek reasonable attorneys' fees, and costs and disbursements of this action, pursuant to NYLL § 663(1) et al. and § 198; and FLSA §216.

81. Plaintiffs also seek liquidated damages pursuant to NYLL § 663(1) and FLSA §216.

## COUNT 5
### [Failure to provide a Wage Notice]

82. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "81" of this Complaint as if fully set forth herein.

83. The New York State Wage Theft Prevention Act and NYLL § 195(1) requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular payday.

84. Defendant has/have willfully failed to supply Plaintiffs with an accurate wage notice, as required by NYLL, § 195(1), within ten (10) days of the start of employment.

85. Through their knowing or intentional failure to provide the Plaintiffs with the wage notice required by the NYLL, Defendant willfully violated NYLL Article 6, §§ 190 et. seq., and supporting New York State Department of Labor Regulations.

86. Due to Defendant' willful violations of NYLL, Article 6, § 195(1), Plaintiffs are entitled to statutory penalties of fifty ($50.00) dollars each day that Defendant failed to provide Plaintiffs with an accurate wage notice and reasonable attorney's fees and costs as provided for by NYLL, Article 6 §198(1-b).

## COUNT 6
[**Failure to provide Wage Statements**]

87. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "86" of this Complaint as if fully set forth herein.

88. Defendant has/have willfully failed to supply Plaintiffs with an accurate wage statement, as required by NYLL, § 195(3).

89. Through knowingly or intentionally failing to provide the Plaintiffs with an accurate wage statement as required by the NYLL, Defendant willfully violated NYLL Article 6, §§ 190 et. seq., and supporting New York State Department of Labor Regulations.

90. Due to Defendant's willful violations of NYLL, Article 6, § 195(3), Plaintiffs are entitled to statutory penalties of two hundred and fifty dollars ($250.00) dollars each day that Defendant failed to provide Plaintiffs with wage statement and reasonable attorney's fees and costs as provided for by NYLL, Article 6 §198(1-d).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request that this Court grant the following relief:

(a)     An award of unpaid wages at the overtime wage rate due under the FLSA;

(b)     An award of liquidated damages as a result of Defendant's failure to pay wages at the overtime wage rate pursuant to 29 U.S.C. § 216;

(c)     An award of unpaid wages at the overtime wage rate under the NYLL;

(d)     An award of liquidated damages and statutory penalties as a result of Defendant's failure to pay wages at the overtime wage rate, failure to provide accurate wage notices, and failure to provide accurate wage statements pursuant to the NYLL;

(e)     An award of liquidated damages and statutory penalties as a result of Defendant's failure to timely pay Plaintiffs on a weekly basis;

(f)     An award of front pay and lost wages as a result of Defendant's retaliatory act—wrongful termination—taken towards Plaintiffs;

(g)     An award of prejudgment and post-judgment interest;

(h)     An award of costs and expenses associated with this action, together with reasonable attorneys' fees; and,

(i)     Such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
July 1, 2022

                                Respectfully submitted

                                By: *Lawrence Spasojevich*
                                    Lawrence Spasojevich (LS 0945)